**Michele BLACK, Appellant**

v.

**UNITED STATES POST OFFICE.**

**No. 05–3747.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 8, 2006.

Filed May 9, 2006.

Michele Black, Philadelphia, PA, pro se.

Sonya F. Lawrence, Office of United States Attorney, Philadelphia, PA, for United States Post Office.

Before: SLOVITER, SMITH and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

The parties are familiar with the underlying facts, so we summarize them only briefly. Michele Black brought claims of a hostile work environment, sexual harassment, and retaliatory discharge against John E. Potter, Postmaster General for the United States Postal Service, before the United States Equal Employment Opportunity Commission ("EEOC"). On January 7, 2004, the EEOC issued its final decision on the claims. (Supp.App. at 039–042.) Black received notice of the decision on January 11, 2004, at the latest. (*Id.* at 043.) With the decision, the EEOC notified Black that she could file a complaint in federal court within 90 days. (*Id.* at 040.) In the United States District Court for the Eastern District of Pennsylvania, Black filed a motion to proceed *in forma pauperis* on June 2, 2004, and a complaint on June 10, 2004.

Potter submitted a motion to dismiss Black's complaint as time-barred, which the District Court granted as uncontested. Black filed a motion for reconsideration, claiming that she had information to justify why she filed her complaint too late. The District Court granted Black's motion, converted Potter's motion into a motion for summary judgment, and allowed the parties additional time to present arguments for and against equitable tolling.[1] Upon consideration of the submissions of the parties, the District Court granted summary judgment in favor of Potter on the grounds that Black filed her complaint out of time and that she was not entitled to equitable tolling. Black appeals and moves for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. *See Podobnik v. U.S. Postal Service*, 409 F.3d 584, 589 (3d Cir.2005).

In the absence of equitable tolling, Black filed her complaint in District Court too late. An aggrieved party must file a civil action within 90 days of notice of an EEOC final action. *See* 42 U.S.C. § 2000e–16(c). Black filed her complaint in June 2004, more than 90 days after she received notice of the EEOC's final action in January 2004. Black concedes that she filed her complaint outside the pertinent statute of limitations.

Furthermore, Black is not entitled to equitable tolling. Equitable tolling, applied sparingly, *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), is appropriate in such circumstances as "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordi-

<hr />

1. Contrary to Black's argument in her reply brief on appeal, the District Court did not

definitively resolve the statute of limitations issue in her favor with that order.

852

nary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994). Although the District Court provided Black with the opportunity to present evidence to support these common (or other) grounds for equitable tolling, Black did not do so.[2]

For the foregoing reasons, we will affirm the District Court's order. Black's motion for appointment of counsel is denied.

**2.** We note that Black filed a voluminous brief on appeal which puts the sparsity of her submissions in the District Court in stark relief. Although she tries to supplement the record and raise new issues and arguments on appeal, she may not do so. *See Harris v. City of Philadelphia,* 35 F.3d 840, 845 (3d Cir.1994). However, even her essential tolling arguments on appeal, that she filed her complaint beyond the statute of limitations because she was waiting for a union representative to return documents until March 1, 2004, (at the latest), and that she could not obtain counsel, do not provide a basis for equitable tolling. *See Irwin,* 498 U.S. at 96, 111 S.Ct. 453; *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir. 2000) (holding that *pro se* status alone does not excuse late filing).